UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIAN CAIUS JULIUS CAESAR HENDERSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13CV1699 RWS |
| SHAWN HABERBERGER, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff moves for leave to proceed in forma pauperis. Having reviewed plaintiff's financial information, I will grant the motion. Additionally, I have determined that plaintiff's claims do not state a plausible claim for relief.

### **Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir.

1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against governmental officials and the City of Hillsboro, Missouri, for alleged false arrest and false imprisonment. Plaintiff alleges he was arrested for driving without a license and was held for thirty-five hours at the Jefferson County Jail. Plaintiff does not deny that he had no license. Plaintiff contends that he has, as a *sui juris* person, a constitutional right to drive on public roads with no license.

Plaintiff claims that while he was in the Jail he was not allowed to use the phone and that his property was seized without a warrant. Plaintiff seeks relief for emotional and psychological distress.

**Discussion**

Plaintiff's claim against Courtney Jacobs, the police officer who arrested him for driving without a license, fails to state a claim because plaintiff does not have a constitutional right to drive without a license. E.g., Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999) (there is no "fundamental right to drive a motor vehicle."). Moreover, even if, *arguendo*, such a right might possibly exist, it is not a "clearly

established" right under federal law. Id. Therefore, Jacobs is entitled to qualified immunity. See Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review).

Plaintiff's claim against Joseph Rathert, Municipal Judge for Jefferson County, is legally frivolous because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01-99.15. As a result, plaintiff's claim against Shawn Haberberger, the owner of the tow truck that towed his car from the scene, does not state a cause of action.

Finally, to state a claim against a municipality, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a the City of Hillsboro was responsible for the alleged violations of plaintiff's

constitutional rights. As a result, the complaint does not allege a plausible claim against the City of Hillsboro.

Plaintiff does not allege who subjected him to undesirable conditions in the Jail or who prohibited him from making a phone call. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e).

An Order of Dismissal will be filed contemporaneously.

Dated this 30th day of August, 2013.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE